■ GEORGE STATFELD, Appellant, v DONALD GREENER, Respondent. [766 NYS2d 201]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 8, 2002, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Defendant attorney has represented plaintiff's former wife in matrimonial and subsequent related proceedings. In this action, plaintiff alleges that defendant's conduct in bringing a contempt proceeding against him to enforce support obligations imposed on plaintiff by the judgment of divorce by which he, plaintiff, is bound, was so egregious as to support claims for intentional infliction of severe emotional distress. Plaintiff's allegations are, however, plainly insufficient to state such claims, defendant's alleged conduct not having been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983] [internal quotation marks omitted]). Indeed, defendant's filing of an order to show cause for contempt against plaintiff for his alleged failure to pay an award of court ordered counsel fees, when viewed in the context of plaintiff's history of recalcitrance in the face of court orders, does not, even remotely, approach the threshold of reprehensibility that must be crossed to render a claim for severe emotional distress viable (*see Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 262-263 [1995]; *see also Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.